UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT DANIEL GUTH,

       Plaintiff,

   v.

HERBERT FREDERICK,
individually and in his
official capacity and the
BOROUGH OF WEST WILDWOOD,

       Defendants.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 09-4904
(JEI/JS)

**OPINION**

**APPEARANCES:**

MICHELLE J. DOUGLASS, ESQ.
1601 Tilton Road
Suite 6
Northfield, NJ 08225
(609) 788-3595
    Counsel for Plaintiff

BARKER, SCOTT & GELFAND, PC
By: Joseph M. Scott, Esq.
Linwood Greene
210 New Road
Suite 12
Linwood, NJ 08221
(609) 601-8677
    Counsel for Defendants

**IRENAS**, Senior District Judge:

This case arises out of Plaintiff Robert Guth's allegations

that he was terminated from his position as a West Wildwood

patrol officer because he issued a court summons to Herbert

Frederick, a then mayoral candidate who was later elected Mayor

of West Wildwood.

**I.**

On December 18, 2008, Plaintiff filed a Complaint alleging only New Jersey State claims in the Superior Court of New Jersey, Cape May County.  On September 10, 2009, Plaintiff filed a Notice of Motion to Amend Complaint, along with accompanying Certification of Counsel and a proposed Amended Complaint.  Upon concluding that the proposed Amended Complaint added a First Amendment claim under the United States Constitution, Defendants removed the case to this Court.  Presently before the Court are Plaintiff's Motion for Remand and Fees and Costs and Defendants' Cross-Motion for Fees and Costs.  For the reasons stated herein: (1) Plaintiff's Motion for Remand and Fees and Costs will be granted in part and denied in part; (2) Defendants' Cross-Motion for Fees and Costs will be denied.

## II.

Pursuant to 28 U.S.C. § 1447(c), this Court may remand a case for lack of subject-matter jurisdiction.  Fed. R. Civ. P. § 1447(c).  The removing party bears the burden of establishing the court's jurisdiction.  *Samuel-Bassett v. Kia Motors America, Inc.,* 357 F.3d 392, 396 (3d Cir. 2004).  In deciding a motion to remand, the Court's "analysis is not limited to the face of the complaint."  *State of New Jersey v. City of Wildwood,* 22 F. Supp. 2d 395, 404 (1998); *see also,* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3739 (4th ed.) ("whether an action should be remanded to state court must be resolved by

the district court with reference to the complaint, the notice of removal, and the state court record at the time the notice of removal was filed.").  In addition, if it determines the case should be remanded, the Court may order "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  However, the Court will generally only award fees to a prevailing plaintiff if "the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Section 1447(c) does not explicitly authorize the Court to award fees to a Defendant for costs associated with successfully defending a remand motion.  *See* 28 U.S.C. 1447(c); 16 James Wm. Moore et al., <u>Moore's Federal Practice</u> ¶ 107.41 (2010).

### III.

The issue before the Court is whether the Amended Complaint asserts a claim under the First Amendment of the United States Constitution or whether it merely asserts a free speech claim under the equivalent state law provisions.  Defendants removed this action solely on the basis that Plaintiff's Amended Complaint asserted a claim under the First Amendment of the United States Constitution.  *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441.  In response, Plaintiff argues that his intention was not to assert a federal claim, but rather a "New Jersey State First

3

Amendment violation . . . in accordance to [sic] the New Jersey

State Civil Rights Statute, N.J.S.A. 10:6-2." (Reply Br. ¶ 4.)

Defendants argue that on its face the Amended Complaint

asserts a federal claim. It states that Plaintiff brings a claim

pursuant to "Plaintiff's First Amendment right to free speech and

association." (Am. Compl. ¶ 28.) Defendants argue that this

statement should be interpreted as Plaintiff's bringing a cause

of action under 42 U.S.C. § 1983 for a claim arising under the

First Amendment of the United States Constitution.[1] In contrast,

Plaintiff asserts that he is only pursuing state law claims and

that he attempted to identify a state law cause of action -- a

free speech claim arising out of the New Jersey State

Constitution brought pursuant to N.J.S.A. 10:6-2. (Mot. for

Remand ¶ 3.) While the Amended Complaint does not specifically

mention bringing a New Jersey free speech claim, there are

references to pursuing Plaintiff's "New Jersey State First

Amendment Constitutional rights" pursuant to N.J.S.A. 10:6-2 in

materials that accompanied the Notice of Motion to Amend

Complaint that Plaintiff filed in state court. (Reply Br. Ex. B

¶ 15; Ex. D ¶ 15.) Plaintiff argues that these materials show

---

[1] Additionally, Defendants argue that Plaintiff could not
have meant the "First Amendment right" of the New Jersey
Constitution, as there is no first amendment to the New Jersey
State Constitution. Instead, Defendants assert that the relevant
free speech provision would be Article 1, § 6 of the New Jersey
State Constitution. (Opp. Br. at 4.)

4

his intention to bring a state, not federal, claim.

Although the Amended Complaint suggests that Plaintiff is asserting a federal cause of action, Plaintiff has now made it abundantly clear the he only intends to bring his free speech claim pursuant to state law.  There is sufficient support in the accompanying papers to support Plaintiff's avowal that he only seeks to pursue a state free speech claim.  Accordingly, the Court finds that Plaintiff has not asserted a federal claim and the case must therefore be remanded to state court.

Plaintiff and Defendants both request fees for costs associated with removal and/or the motion to remand.  The Court will not award fees to either party.  Generally, a prevailing plaintiff is only awarded fees when Defendants "lacked an objectively reasonable basis for seeking removal."  *See Martin,* 546 U.S. at 141.  Clearly, in this case, Defendants had a reasonable basis for removal and so fees are not appropriate. Additionally, Defendants' request for fees for defending against the remand motion must fail, as Plaintiff's remand motion was successful.  Further, 28 U.S. 1447(c) does not explicitly authorize the awarding of fees to a removing party.

## IV.

For the reasons stated above, Plaintiffs' Motion for Remand and Fees and Costs will be granted with respect to its request for remand, but will be denied with respect to its request for

fees.  Defendants' Cross-Motion for Fees and Costs will be

denied.  The Court will issue an appropriate Order.


Dated:  May 27th, 2010

                              s/ Joseph E. Irenas
                         **JOSEPH E. IRENAS, S.U.S.D.J.**